[No. 36770. Department One. April 16, 1964.]

HOWARD O. BURKE, as *Administrator, Appellant,* v. PEPSI-COLA BOTTLING COMPANY OF YAKIMA *et al., Respondents.**

*Reported in 391 P. (2d) 194.

*Zane B. Johnson, Gavin, Robinson, Kendrick & Redman,* and *Stanley S. Pratt,* for appellant.

*Elvidge, Watt, Veblen & Tewell,* for respondents.

ROSELLINI, J.—The plaintiff's wife was killed when the automobile in which she was a passenger, driven by the plaintiff, collided with a pickup truck driven by an employee of the defendant corporation (hereafter referred to as the defendant). The pickup truck, which was approaching in the westbound lane of traffic on State Highway 3-A, near Toppenish, Washington, "jumped" suddenly into the plaintiff's eastbound lane of traffic, directly in his path. The driver of the pickup was killed in the collision.

In the trial of this action, the plaintiff established his prima facie case by showing that the accident occurred as a result of the defendant's vehicle being on the wrong side of the road, and it then devolved upon the defendant to show that this happened without negligence on its part. It presented evidence of experts tending to prove that the truck was carefully maintained and that the left front wheel had been repaired a few days prior to the accident, but that the brake on that wheel grabbed when the driver applied the brake gradually to slow his vehicle or bring it to a stop to avoid hitting an automobile which was coming to a stop in front of him; that the grabbing of the brake had not occurred before and was not foreseeable; that it caused the truck to skid sideways onto the left-hand side of the road; and that, when the brake grabbed, it caused the driver to lose control of the vehicle. The plaintiff's witnesses, on the other hand, testified that, in their opinion, the skidding was caused by a sudden dynamiting of the brakes, which the plaintiff contended was made necessary by the driver's negligence.

 The jury found the defendant's evidence more worthy of belief and returned a verdict in its favor. The plaintiff has appealed, contending first that an instruction on un-

avoidable accident should not have been given. He does not suggest that the instruction was incorrect in its statement of the law, but contends that there was no evidence to justify a jury finding that the accident was unavoidable. No exception to the instruction was taken on this ground, and the objection cannot be raised for the first time on appeal. *Titus v. Tacoma Smeltermen's Union Local No. 25,* 62 Wn. (2d) 461, 383 P. (2d) 504.

■ The remaining assignments of error are that the trial court erroneously refused to direct a verdict in favor of the plaintiff and refused to grant a new trial. In support of both of these assignments, the plaintiff urges that the defendant's expert witnesses were discredited on cross-examination or by other witnesses and that their testimony was outweighed by that of the plaintiff's experts. The credibility of witnesses and the weight to be given to the evidence are matters which rest within the province of the jury; and, even if it were convinced that a wrong verdict had been rendered, this court would not substitute its judgment for that of the jury so long as there was evidence which, if believed, would support the verdict rendered. We have examined the record in this case and find that there was ample evidence to support the verdict.

■ It is urged that the jury was erroneously allowed to consider the opinion of one of the defendant's experts, who refused to accept as an established fact the appearance of the skid marks laid down by the truck, as they were described by a witness for the plaintiff. The defendant's expert did not believe that the plaintiff's witness had accurately observed or described the skid marks, and whether or not he had was a question for the jury. From the verdict, it is apparent that the jury decided that the plaintiff's witness was in error. In any event, the plaintiff cannot be heard to complain that the jury was allowed to consider the opinion voiced by the defendant's expert, inasmuch as the trial court was not asked to strike the expert's testimony.

The judgment is affirmed.

OTT, C. J., HILL, HUNTER, and HALE, JJ., concur.